**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STEVEN P. FLEMING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0488 (ABJ) |
| | ) | |
| NATIONAL TRANSPORTATION | ) | |
| SAFETY BOARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

On May 22, 2013, the National Transportation Safety Board ("NTSB") filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for, respectively, lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Def.'s Mem. of Law in Support of Mot. to Dismiss Compl. at 1. In the alternative, the NTSB "move[d] in conformity with [Rule] 12(e) to require Plaintiff to file an amended complaint." *Id.* On May 23, 2013, the Court issued an Order advising Plaintiff of his obligations under the Federal Rules of Civil Procedure and warning him that, if he did not respond by June 21, 2013, the Court would treat the motion as conceded. On June 3, 2013, Plaintiff filed an amended complaint.[1] For the reasons discussed below, the Court concludes that

---

[1]     The Amended Complaint lists a single defendant, the NTSB. Senior Judges Fowler and Godbond and Chairman Hersman, the three additional defendants listed in the original complaint, are dismissed as party defendants.

the amended complaint must be dismissed both for lack of subject matter jurisdiction and for

failure to state a claim upon which relief can be granted.

Plaintiff need only provide a "short and plain statement of [his] claim showing that [he is]

entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per

curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation

marks omitted).  "A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will

prevail on the merits, but instead whether the plaintiff has properly stated a claim." *Woodruff v.*

*DiMario*, 197 F.R.D. 191, 193 (D.D.C. 2000).   A complaint survives a motion under Rule

12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"Rule 12(b)(1) presents a threshold challenge to the court's jurisdiction."   *Haase v.*

*Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Bell v. Hood*, 327 U.S. 678, 682 (1946).  A

complaint is subject to dismissal on jurisdictional grounds "when it 'is patently insubstantial,'

presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009

(D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).  In assessing whether

a complaint sufficiently alleges subject matter jurisdiction or whether it adequately states a

claim, the Court accepts as true the allegations of the complaint, *see Iqbal*, 556 U.S. at 678, and

liberally construes the pleadings such that Plaintiff benefits from all inferences derived from the

facts alleged, *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI*

*Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

According to Plaintiff, he brings a claim of "Malicious Prosecution."  Am. Compl. at 1 (page numbers designated by ECF).  He claims "that [he] had a life time of sacrifices, training and education, which ended with a 10 minute kangaroo Court," *id.*, proceedings which apparently resulted in the revocation of his pilot's license, *see id.* at 3.  Missing from the amended complaint are any intelligible factual allegations describing the events giving rise to this action.  Nor does the pleading set forth the nature of relief Plaintiff seeks.  Even a liberal reading of the amended complaint does not reveal a viable claim over which this Court has jurisdiction.

Furthermore, Plaintiff seems to indicate that he did not prevail in whatever action it was that the NTSB brought against him. Thus, he does not appear to have alleged the circumstances that could give rise to a malicious prosecution action, in which "the victor may sue the vanquished for a baseless suit if it was brought with malicious disregard for its validity." *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009). As the Court of Appeals explained in *Nader,* "malicious prosecution requires: '(1) [that] the underlying suit terminated in plaintiff's favor; (2) malice on the part of the defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occasioned by the plaintiff as the result of the original action.'"  *Id.*  (quoting *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980)).  Nothing in the amended pleading suggests that any of these elements are met.  Instead, Plaintiff's complaint is replete with his own opinions and beliefs, labels and legal conclusions.  It offers few, if any, facts which might even remotely support a cognizable legal claim.  In short, the amended complaint is so vague, so conclusory, and so lacking in detail that the Court simply cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678; *see Kuryakyn Holdings, Inc. v. Just In Time Distrib. Co.,* 693 F. Supp. 2d 897, 903 (W.D.

Wis. 2010) (noting that a claim "is implausible when it is not supported by factual allegations that address the elements of the claim") (citation omitted).

An Order accompanies this Memorandum Opinion.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE:  July 3, 2013